AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

United States of America
v.
DARWIN JOSUE MERLO-ULLOA

*Defendant(s)*

Case No. 6:26-mj-1947

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of August 11, 2026 in the county of Brevard County in the Middle District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal reentry by a previously removed alien |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Lacey E. O'Neal, Border Patrol Agent
*Printed name and title*

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 8/12/26

Leslie Hoffman Price
*Judge's signature*

City and state: Orlando, Fl

LESLIE HOFFMAN PRICE, U.S. Magistrate Judge
*Printed name and title*

**STATE OF FLORIDA** **CASE NO. 6:26-mj-** 1947

**COUNTY OF BREVARD**

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Lacey E. O'Neal, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Border Patrol Agent ("BPA") with the United States Department of Homeland Security, U.S. Customs and Border Protection ("CBP"), formerly known as the Immigration and Naturalization Service (INS). I have been so employed since September 07, 2003. I am currently assigned to the Orlando, Florida, Border Patrol Station. In my capacity as a Border Patrol Agent, I am charged with the enforcement of Titles 8, 18, 19 and 21 of the United States Code. I am a federal law enforcement agent with the authority to execute arrest and search warrants under the authority of the United States.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth

only those facts I believe are necessary to establish probable cause that the below listed individual committed a violation of 8 U.S.C. § 1326(a), illegal reentry by a previously removed alien.

3. On August 11, 2026, Border Patrol Agents (BPAs) from the Orlando Border Patrol Station were contacted by a trooper from the Florida Highway Patrol (FHP) in reference to the defendant, Darwin Josue MERLO-ULLOA. MERLO-ULLOA was a passenger of a vehicle the FHP trooper conducted a traffic stop on due to the driver not wearing a seatbelt at the intersection of Eau Gallie and North John Roades Blvd in Melbourne, Florida[1]. A driver's license from the driver was requested and the driver stated they did not have a driver's license. At this time, identification was requested of all occupants of the vehicle in an effort to find a valid driver for the vehicle. MERLO-ULLOA provided the FHP trooper with a Honduran Identification card as identification. The FHP trooper contacted the Orlando Border Patrol Station for further assistance.

4. Border Patrol Agents (BPAs) at the Orlando Border Patrol Station conducted CBP record checks on MERLO-ULLOA's biographical information from his Honduran ID card and confirmed that MERLO-ULLOA is a citizen and national of Honduras with no lawful immigration

[1] Melbourne is in Brevard County, within the Middle District of Florida.

status in the United States. He also has an Alien File Number (A XXX XXX 763), which contains his immigration history. This information was relayed to the trooper who was also advised that BPAs were on their way to traffic stop. Upon arriving, the BPAs identified themselves as United States Border Patrol Agents and informed MERLO-ULLOA that he was being placed under arrest for being in the United States illegally. MERLO-ULLOA was transported to the Orlando Border Patrol Station for fingerprinting and further processing. MERLO-ULLOA was fingerprinted and on August 11, 2026, the CBP database indicated a match of the known fingerprints to MERLO-ULLOA's immigration file.

5. Documents in the alien file also show that MERLO-ULLOA was apprehended on April 20, 2019, after illegally entering the United States. MERLO-ULLOA was issued a Notice to Appear and released on their own recognizance. At an unknown date and location, MERLO-ULLOA voluntarily departed the United States. On March 8, 2024, MERLO-ULLOA was apprehended immediately after illegally entering the United States from Mexico. MERLO-ULLOA was ordered deported/removed from the United States to Honduras by a Designated Official on March 16, 2024. MERLO-ULLOA was physically removed from the United States to Honduras through Harlingen, Texas on March 25, 2024.

6. There is no record of MERLO-ULLOA ever applying to or receiving consent of the Attorney General of the United States, and/or the U.S. Secretary of the Department of Homeland Security, for permission to re-enter the United States after MERLO-ULLOA's prior deportation/removal.

7. Based on the foregoing, I believe that there is probable cause that on August 11, 2026, Darwin Josue MERLO-ULLOA was found to be in the United States voluntarily after being previously deported and removed from the United States, in violation of 8 U.S.C. § 1326(a).

This concludes my Affidavit.

Lacey E. O'Neal,
Border Patrol Agent

Affidavit submitted by email and
attested to me as true and accurate
via video conference and/or telephone
consistent with Fed. R. Crim. P. 4.1
and 41(d)(3), before me this 12th
day of August, 2026.

LESLIE HOFFMAN PRICE
United States Magistrate Judge